**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey, 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as Wal-Mart Stores East, LP*
*d/b/a Wal-Mart #5340)*

| | |
|---|---|
| ELVIN CINTRON,<br><br>                 Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP D/B/A WAL-MART #5340; JOHN DOE(S) (1-10) OWNERS; JOHN MOES(S) (1-10) MANAGEMENT COMPANY; JANE DOE(S) (1-10) VENDORS; INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE,<br><br>                 Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart Stores East" and incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey, based upon the following:

1.      On or about October 2, 2019, Plaintiff Elvin Cintron commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, entitled ELVIN CINTRON -vs- WAL-MART STORES EAST, LP D/B/A WAL-MART #5340; JOHN DOE(S) (1-10) OWNERS; JOHN MOES(S) (1-10) MANAGEMENT COMPANY; JANE

DOE(S) (1-10) VENDORS; INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, Docket No. CAM-L-003964-19 (the "Complaint").

2.       On or about October 21, 2019, the Summons and Complaint were served on Wal-Mart Stores East.

3.       October 21, 2019 was the first date on which Wal-Mart Stores East received copies of the Summons and Complaint through service or otherwise.

4.       Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and Civil Case Information Statement, which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit "A."

5.       This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6.       Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing at 318 North 31st Street in Camden, New Jersey.

7.       Wal-Mart Stores East is the only proper defendant insomuch as Wal-Mart Stores East operates the subject store where the incident at issue allegedly occurred. Wal-Mart Stores East is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart Stores East is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in

Bentonville, Arkansas.  The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

8.      Neither Wal-Mart Stores East nor Walmart Inc. are citizens of the State of New Jersey.

9.      Diversity of citizenship existed among the parties when the Complaint was filed on or about October 2, 2019.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10.      The Complaint alleges that on or about May 8, 2018, Plaintiff Elvin Cintron was a business invitee on the premises of the Walmart store located in Cherry Hill, New Jersey. Complaint, First Count, ¶2. The Complaint also alleges that as a direct and proximate result of the negligence and/or carelessness of Defendants, "Plaintiff, Elvin Cintron, was caused to slip and fall and to sustain certain personal injuries, both internal and external and both temporary and permanent in nature, including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair; and did suffer, is suffering and may in the future suffer great pain and discomfort; was compelled, is now being compelled and may in the future be compelled to expend certain sums of money in an attempt to cure and alleviate his injuries; has been unable, is now unable and may in the future be unable to pursue his normal activities, resulting in loss of income, and the plaintiff has been otherwise damaged." *Id*., ¶4.

11.     On November 25, 2019, Wal-Mart's Counsel sent Plaintiff's Counsel correspondence requesting they stipulate that Mr. Cintron's damages are less than $75,000.00 and that counsel identify the nature and extent of same. (See correspondence attached as Exhibit "B").

12.     On December 9, 2019, Plaintiff's Counsel advised via email that he would not stipulate that Mr. Cintron's damages are less than $75,000.00. (See email dated December 9, 2019 attached as Exhibit "C").  This correspondence specified the injuries at issue and advised, for the first time, that Mr. Cintron had undergone multiple surgeries. (Id.).  Plaintiff's Counsel further confirmed that the alleged damages were in excess of $75,000.00. (Id.).

13.     Upon information and belief, Plaintiff Elvin Cintron sustained multiple injuries including tears to the right rotator cuff, left meniscus and left ACL, all requiring surgical intervention. Due to the number of physical areas effected and Plaintiff's Counsel's assertion that Mr. Cintron's damages exceed $75,000.00, Plaintiff's claims merit removal.

14.     December 9, 2019 was the first day on which Wal-Mart Stores East received papers from which it ascertained that this matter is removable to Federal Court. The Complaint does not list any monetary values for Plaintiff's claims.  The December 9, 2019 correspondence from Plaintiff's Counsel was the first document which advised that Mr. Cintron had undergone multiple surgeries and confirmed that the amounts at issue exceed $75,000.00.  Pursuant to 28 U.S.C. § 1446(b)(3) and *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585 (D.N.J. 2016), this Notice is being filed with this Court within thirty (30) days of Wal-Mart Stores East's first receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

15.     While Wal-Mart Stores East denies all liability to Plaintiff and denies that he is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint

- 4 -

and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

16.     Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Camden County and is being served upon Plaintiff.

18.     In filing this Notice of Removal, Wal-Mart Stores East does not waive any defects in service of process, venue or personal jurisdiction.

19.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as "Wal-Mart Stores East, LP d/b/a*
*Wal-Mart #5340)*

By:  _____
        Til J. Dallavalle

Dated: December 16, 2019

<u>LOCAL CIVIL RULE 11.2 VERIFICATION</u>

Other than the action filed in the Superior Court of New Jersey, Law Division, Camden County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 16, 2019

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

> Andrew J. Van Wagner, Esq.
> Lundy Law, LLP
> 1040 North Kings Highway, Suite 305
> Cherry Hill, NJ 08034
> *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Til J. Dallavalle

Dated:  December 16, 2019