# *EXHIBIT A*

LUNDY LAW, LLP
BY: ANDREW J. VAN WAGNER, ESQUIRE
ID. No: 032862010
1040 NORTH KINGS HIGHWAY, SUITE 305
CHERRY HILL, NJ 08034
(856) 382-1310
avanwagner@lundylaw.com

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| ELVIN CINTRON<br>Plaintiff<br><br>v.<br><br>WAL-MART STORES EAST, LP d/b/a<br>WAL-MART #5340;<br>JOHN DOE(S) (1-10) OWNERS;<br>JOHN MOE(S) (1-10) MANAGEMENT COMPANY;<br>JANE DOE(S) (1-10) VENDORS;<br>individually, jointly, severally and/or in the alternative<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>**LAW DIVISION**<br><br>CIVIL ACTION<br><br>DOCKET NO.<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff, Elvin Cintron, residing at 318 North 31st Street, in the City of Camden, County of Camden and State of New Jersey by way of Complaint against the Defendant(s) says:

### **FIRST COUNT**

1. On or about May 8, 2018, the defendant(s), Wal-Mart Stores East, LP d/b/a Wal-Mart #5340; John Doe(s) (1-10) Owners (hereinafter referred to as "John Doe"), and/or John Moe(s) 1-10 Management Company (hereinafter referred to as "John Moe"), and/or Jane Doe (1-10) Vendors (hereinafter referred to as "Jane Doe"), were the lessees/lessors, controllers, maintainers, vendors and /or supervisors of a certain property located at 500 Route 38, in the Township of Cherry Hill, County of Camden and State of New Jersey (hereinafter "premises").

2. At the time and place aforesaid, the plaintiff, Elvin Cintron, was a business invitee on the premises, which the defendant and/or defendants, Wal-Mart Stores East, LP d/b/a Wal-Mart #5340, John Doe, John Moe, and/or Jane Doe were the owners, lessees, controllers, maintainers, vendors, and/or supervisors, and were charged with the application of proper control, maintenance, supervision, inspection, general safekeeping and repair of same.

3. At the time and place aforesaid, the defendant and/or defendants, Wal-Mart Stores East, LP d/b/a Wal-Mart #5340; John Doe, John Moe, and/or Jane Doe, through their respective agents, servants and/or employees, were negligent in the proper set-up, control, supervision,

maintenance, inspection, repair, security and general safekeeping of the aforementioned premises, and allowed and/or permitted to exist certain dangerous and hazardous conditions on said premises, without any warning to the plaintiff, Elvin Cintron, or the general public.

4. As a direct and proximate result of the negligence and/or carelessness of the defendant and/or defendants, Wal-Mart Stores East, LP d/b/a Wal-Mart #5340; John Doe, John Moe, and/or Jane Doe, in creating, allowing and/or permitting to exist said dangerous and hazardous conditions on the aforementioned premises, and failing to warn of same, the plaintiff, Elvin Cintron, was caused to slip and fall and to sustain certain personal injuries, both internal and external and both temporary and permanent in nature, including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair; and did suffer, is suffering and may in the future suffer great pain and discomfort; was compelled, is now being compelled and may in the future be compelled to expend certain sums of money in an attempt to cure and alleviate his injuries; has been unable, is now unable and may in the future be unable to pursue his normal activities, resulting in a loss of income, and the plaintiff has been otherwise damaged.

WHEREFORE, the plaintiff, Elvin Cintron, demands judgment against the defendant and/or defendants, Wal-Mart Stores East, LP d/b/a Wal-Mart #5340, John Doe 1-10 owners and/or John Moe 1-10 Management Company and/or Jane Doe 1-10 Vendors, jointly, severally, or in the alternative for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

**LUNDY LAW LLP**

By: _____
Andrew J. Van Wagner, Esq.
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated. Following my initial review of this matter, it appears that there are no other persons who should be joined as parties.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R.4:25-4, Andrew J. Van Wagner, Esquire is hereby designated as Trial Counsel.

## DEMAND FOR TRIAL BY JURY

The plaintiff(s) demand a trial by jury of all of the issues in the within matter.

## TIME UNIT RULE

Plaintiff hereby gives notice that pursuant to R.1:7-1, Plaintiff will utilize the Time Unit Rule at trial.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above-cited Rule of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents, papers and other material referred to therein, received from any party upon the undersigned attorney and TAKE NOTICE that this is a CONTINUING demand.

## DEMAND FOR INSURANCE INFORMATION

PLEASE TAKE NOTICE that pursuant to R. 4:10-2(b), plaintiffs hereby demand production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR INTERROGATORIES

Pursuant to rule 4:17-1 (b)(i), kindly respond to Form C and Form C (1) of interrogatories as set forth in Appendix II as provided by the Court Rules.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand, pursuant to R.4:18-1, that the defendants produce the following documents at this office within forty-five (45) days:

1. A copy of the face sheet of defendant's liability insurance policy in effect at the time of this accident.

2. In regards to the area of the fall that is the subject of this complaint, a copy of any and all (from two years before this accident to the present) inspection reports, repair estimates, maintenance logs, work orders, contracts for work to be performed, and/or invoices.

3. A copy of any and all incident reports pertaining to this accident.

4. Whether the defendant has an umbrella policy or any other insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

5. Any and all records for inspections of the area of the fall from 5/6/2018 through and including 5/10/2018.

6. Time sheets for employees who were working at the food court from 5/6/2018 through and including 5/10/2018.

7. **COLOR** copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner to the incident or the injuries which plaintiff(s) claim to have been sustained as a result of the incident which is the subject of this lawsuit.

8. A copy of all medical records regarding any treatment or consultation sought or received, by plaintiff(s) as a result of the incident that is the subject of this lawsuit before or thereafter.

9. Any documents which you claim supports the separate defenses set forth in your responsive Pleading to Plaintiff(s) Complaint and your Answers to Interrogatories or rebuts the allegations set forth in plaintiff(s) Complaint or her Answers to Interrogatories.

10. Any and all documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of the accident that is the subject of this lawsuit.

11. A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendant(s) that relates to the disputed facts alleged with particularity in the pleadings.

12. A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rule 702, 703 or 705.

13. Copies of all notes, records, and reports or all doctors, physiatrists, nurses, psychiatrists, psychologists, neurophysiologist, neurologist, or any other healthcare professional retained by defendant(s) for purposes of performing an examination and evaluation on the plaintiff(s).

14. Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading or with respect to any damages.

15. Any and all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy Judgment pursuant to R4:10-2(b).

16. Copies of any and all documents, not otherwise set forth, which was sent to or received from the plaintiff(s).

17. Copies of any and all statements and other documents obtained by any person or entity which concern or relate to plaintiff(s) Complaint or any defendant(s) Answers, Separate Defense or Counterclaim.

18. Any and all documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, her agents or employees.

19. Any and all documents considered by defendant's expert in preparing her report or conducting an examination or evaluation.

20. Copies of any and all written reports or summaries of oral reports, as well as a copy of the Curriculum Vitae, of any and all experts that have supplied reports, whose testimony will be offered at the trial of the above matter. R.4:10-2(d)(1).

21. Any and all diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

22. All photographs, charts, diagrams, maps and other pictorial or graphic depictions of any matter relevant to the action whether in the possession of or under the control of or available to the defendant, the defendants attorney, or in the possession of any representative of

that party's insurance carrier, including but not limited to depictions of the condition of and/or damage to physical property. Freeman vs. Lincoln Beach Motel, 182 N.J. Super. 483 (1981).

23. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon any expert witness whom the party responding to this document demand intends to call at trial. R. 4:18-1(a)

24. Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

25. Any and all treatises, textbooks, articles, papers, writing, commentaries and documents which you, your counsel and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication and edition.

26. Any and all transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

27. Any and all documents concerning any and all claims for bodily injury that is in the possession, custody, or control of defendant, his/her attorney, or defendant(s) attorney.

28. Any and all documents you have concerning any claim for bodily injuries made by plaintiff(s) other than the incident concerning this lawsuit.

29. Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

30. Any and all surveillance videos, reports, notes, memorandums or other documents respecting plaintiff.

31. Any and all records, memoranda, forms, documents and notices relating to claims, notices or suits that have alleged the same or similar conditions(s) as alleged by plaintiff to have caused plaintiff's injury. Your response to this request should include names and addresses of all claimants, their attorneys, insurance companies, claim numbers, defense attorneys, plaintiff and defendant liability expert reports, photographs portraying the site of accident/incident,

interrogatories by all parties, demands for admissions by all parties and depositions of all deponents (if your response to this request would entail voluminous copying, you are requested to contact this office so that reasonable copying and postage expenses may be agreed upon).

32. Any and all CIB's (Claim Index Bureau), and/or claim index searches on plaintiff.

### AS TO CONTINUING NATURE OF ALL OF THE DEMANDS SET FORTH ABOVE AND PLAINTIFF(S)' TRIAL POSTURE WITH RESPECT THERETO:

Notice is hereby given on behalf of the plaintiff(s) herein that each and every demand set forth herein constitutes a continuing demand through the time of trial/retrial of this action.

Notice is also hereby given that if there is a failure to comply with any of the aforesaid demands, plaintiff(s) will exercise each and every right accorded to the plaintiff by the applicable Rules and/or controlling case-law, which will include objection to testimony and/or introduction into evidence, testimonial/evidentiary preclusion and/or resolution of fact issues in favor of the plaintiff(s) and/or any other rights accorded to the plaintiff(s) under the applicable law.

LUNDY LAW, LLP

By: _____
Andrew J. Van Wagner, Esq.
Attorney for Plaintiff

Date: October 2, 2019

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003964-19

**Case Caption:** CINTRON ELVIN VS WAL-MART STORES EAST , LP
**Case Initiation Date:** 10/02/2019
**Attorney Name:** ANDREW JOSEPH VAN WAGNER
**Firm Name:** LUNDY LAW
**Address:** 1040 NORTH KINGS HIGHWAY STE 305 CHERRY HILL NJ 08034
**Phone:** 8567559000
**Name of Party:** PLAINTIFF : Cintron, Elvin
**Name of Defendant's Primary Insurance Company (if known):** Claims Management, Inc

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/02/2019
Dated

/s/ ANDREW JOSEPH VAN WAGNER
Signed

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 379-2200
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    OCTOBER 02, 2019
                         RE:      CINTRON ELVIN   VS WAL-MART STORES EAST , LP
                         DOCKET:  CAM L -003964 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL J. KASSEL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    202
AT:  (856) 379-2200 EXT 3070.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: ANDREW J. VAN WAGNER
                                    LUNDY LAW
                                    1040 NORTH KINGS HIGHWAY
                                    STE 305
                                    CHERRY HILL       NJ 08034

ECOURTS
```