**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey, 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as Wal-Mart Stores East, LP*
*d/b/a Wal-Mart #5340)*

| | |
|---|---|
| ELVIN CINTRON,<br><br>                     Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP D/B/A WAL-MART #5340; JOHN DOE(S) (1-10) OWNERS; JOHN MOE(S) (1-10) MANAGEMENT COMPANY; JANE DOE(S) (1-10) VENDORS; INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE,<br><br>                     Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 1:19-cv-21406-JHR-JS<br><br>**ANSWER AND DEFENSES, CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION, ANSWER TO ALL CROSS-CLAIMS, AND REQUEST FOR ALLOCATION** |

Defendant Wal-Mart Stores East, LP[1] ("Wal-Mart"[2] and incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340), a Delaware limited partnership with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas, by way of Answer to Plaintiff's Complaint ("Complaint"), states as follows:

## FIRST COUNT

1.    Except to admit that on or about May 8, 2018, it operated a store located in Cherry Hill, New Jersey, Wal-Mart denies the allegations contained in Paragraph 1 of the First Count of the Complaint.

---

[1] As of March 1, 2018, the legal name has been changed to Walmart Inc.
[2] The correct corporate defendant is Wal-Mart Stores East, LP, as it operated and continues to operate the store where plaintiff was allegedly injured.

2. Wal-Mart states that no response is required to the allegations contained in Paragraph 2 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, and except to admit that on or about May 8, 2018, it operated a store located in Cherry Hill, New Jersey, Wal-Mart lacks knowledge or information sufficient to form a belief as to as to where Plaintiff Elvin Cintron was or what his legal status was on that date as alleged in in Paragraph 2 of the First Count of the Complaint.

3. Wal-Mart states that no response is required to the allegations contained in Paragraph 3 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies that it, its agents, servants and/or employees were negligent and denies the allegations contained in Paragraph 3 of the First Count of the Complaint.

4. Wal-Mart states that no response is required to the allegations contained in Paragraph 4 of the First Count of the Complaint, as same set forth conclusions of law, and not statements of fact. To the extent a response is required, Wal-Mart denies that it, its agents, servants and/or employees were negligent and/or careless and denies the allegations contained in Paragraph 4 of the First Count of the Complaint.

**WHEREFORE**, Wal-Mart denies that Plaintiff is entitled to the relief requested in the Complaint.

**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
*Attorneys for Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 30, 2019

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Wal-Mart is not guilty of any negligence, wrongdoing, carelessness, or breach of duties as contended by Plaintiff.

### SECOND SEPARATE DEFENSE

Plaintiff's claims against Wal-Mart are barred by Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:15-5.1.

### THIRD SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-5.1, any damages sustained by Plaintiff shall be diminished by the percentage of negligence attributable to him.

### FOURTH SEPARATE DEFENSE

The injuries complained of were proximately caused by the actions and negligence of third parties over whom Wal-Mart had no control, which actions and negligence intervened and superseded any negligence on the part of Wal-Mart, thereby precluding recovery against it.

### FIFTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### SIXTH SEPARATE DEFENSE

Wal-Mart is entitled to the benefit of the Collateral Source Rule, N.J.S.A. 2A:15-97.

### SEVENTH SEPARATE DEFENSE

The injuries and damages claimed are the result of the sole negligence of Plaintiff.

### EIGHTH SEPARATE DEFENSE

At all times relevant, Wal-Mart complied with all applicable laws, regulations and standards.

### NINTH SEPARATE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### TENTH SEPARATE DEFENSE

Any and all losses and/or damages, if any, sustained by Plaintiff were not caused in fact or proximately caused by Wal-Mart.

### ELEVENTH SEPARATE DEFENSE

Wal-Mart neither committed nor failed to commit any act which damaged Plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff is barred from recovery against Wal-Mart because there is no direct connection between the alleged misconduct, if any, of Wal-Mart and damage to Plaintiff.

### THIRTEENTH SEPARATE DEFENSE

At all times relevant, Wal-Mart complied with all applicable laws, regulations and standards.

### FOURTEENTH SEPARATE DEFENSE

Wal-Mart reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

**WHEREFORE,** Wal-Mart demands judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, together with Wal-Mart's attorney's fees and costs of suit.

**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
*Attorneys for Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 30, 2019

## CROSSCLAIMS

Wal-Mart, by way of crossclaims against defendants JOHN DOE(S) (1-10) OWNERS, JOHN MOE(S) (1-10) MANAGEMENT COMPANY and JANE DOE(S) (1-10) VENDORS; individually, jointly, severally and/or in the alternative Defendants, alleges and states:

### COUNT ONE

### CROSSCLAIM FOR CONTRIBUTION

1. While denying that Wal-Mart is in any way obligated under the claims for relief asserted by Plaintiff against Wal-Mart, demand is hereby made by Wal-Mart against JOHN DOE(S) (1-10) OWNERS, JOHN MOE(S) (1-10) MANAGEMENT COMPANY and JANE DOE(S) (1-10) VENDORS; individually, jointly, severally and/or in the alternative Defendants, pursuant to provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

2. The parties against whom this crossclaim is asserted are obligated under the terms and provisions of the aforesaid New Jersey statutes for their pro rata share of any judgment entered in favor of Plaintiff.

3. Wal-Mart is entitled to a determination of the percentage share of responsibility of all tortfeasors whose fault contributed to Plaintiff's claimed injuries and damages, as the obligation, if any, of Wal-Mart to respond in damages should not exceed its percentage share of responsibility.

### COUNT TWO

### CROSSCLAIM FOR INDEMNIFICATION

1. While denying that Wal-Mart is in any way obligated under the claims for relief asserted by Plaintiff against it, Wal-Mart alleges that:

2. Any obligation imposed upon Wal-Mart to respond in damages to the Complaint could only be as a result of operation of law based upon liability that is technical, imputed, or implied, whereas the actual fault and negligence is against the party or parties against whom this crossclaim is asserted.

3. Any obligation of Wal-Mart to respond in damages is based upon a breach of duty whereas the cause of its failure to act was that of the party or parties against whom this crossclaim is asserted.

4. Any liability asserted against Wal-Mart was passive, whereas the active and primary cause of any injuries, damages or losses which may have been sustained by Plaintiff are a result of the parties against whom this crossclaim is asserted.

**WHEREFORE**, Wal-Mart demands judgment in their favor against co-defendant(s) JOHN DOE(S) (1-10) OWNERS, JOHN MOE(S) (1-10) MANAGEMENT COMPANY and JANE DOE(S) (1-10) VENDORS; individually, jointly, severally and/or in the alternative Defendants, for such sum or sums of money, if any, as may be found in this action in favor of Plaintiff and against Wal-Mart or for any settlement made, together with interest, costs, and the Wal-Mart attorneys' fees and costs.

**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
*Attorneys for Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 30, 2019

## ANSWER TO ALL CROSS-CLAIMS

Wal-Mart denies each and every allegation of any and all cross-claims and claims for contribution and/or indemnity filed against Wal-Mart or to be filed against Wal-Mart in this action.

**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
*Attorneys for Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 30, 2019

## REQUEST FOR ALLOCATION

If any defendant settles prior to verdict, Wal-Mart shall seek an allocation of negligence and/or fault against the settling defendant(s). Wal-Mart will seek this allocation whether or not Wal-Mart have formally filed a crossclaim against the settling defendant(s). Wal-Mart shall rely upon all evidence, including the direct and cross-examination of Plaintiff and Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation and specifically reserve the right to call any and all such witnesses.  All parties are being apprised of this pursuant to the position of the Court in *Young v. Latta*, 123 N.J. 584 (1991) and subsequent legal authority.

**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
*Attorneys for Defendant Wal-Mart Stores East, LP (incorrectly named as Wal-Mart Stores East, LP d/b/a Wal-Mart #5340)*

By: _____
Til J. Dallavalle

Dated: December 30, 2019

## **CERTIFICATION OF SERVICE**

I, the undersigned attorney for Wal-Mart, certify that a copy of this pleading has been filed and served upon the attorneys for Plaintiff in the manner and within the time prescribed by the Rules of Court.

I further certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Til J. Dallavalle, Esq.

Dated: December 30, 2019