IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELVIN CINTRON<br><br>　　　　Plaintiff<br>vs.<br><br>WAL-MART STORES EAST, L.P. et al<br><br>　　　　Defendants | CIVIL ACTION<br><br>NO. 1:19-cv-21406-JHR-JS |

## PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 USC § 1447(C)

Plaintiff, Elvin Cintron, by and through his undersigned counsel, hereby submits the following Motion to Remand as follows:

1. This is a personal injury matter that arises out of an incident that occurred on May 8, 2018 inside of Wal-Mart Store #5340 located at 500 Route 38, Cherry Hill, New Jersey (hereinafter referred to as the "Premises") wherein Plaintiff was caused to slip and fall on liquid on the floor of an aisle; Plaintiff sustained serious and permanent injuries as a result of the incident.

2. Upon information and belief, at all times material hereto, the Premises was owned, controlled and/or maintained by the employees, agents, servants and/ or vendors of Defendant, Wal-Mart Stores East, L.P. (hereinafter referred to as "Defendant").

3. Plaintiff alleges that the hazardous condition on the floor of the Premises was created, allowed and/or permitted to exist through the negligence of Defendant.

4. Plaintiff commenced this action against Defendant by filing a complaint in the Superior Court of New Jersey Law Division: Camden County on October 2, 2019. (See Exhibit "A").

5. Paragraph 4 of the Complaint provides the injuries and damages Plaintiff sustained as a result of the incident and Defendant's negligence:

> As a direct and proximate result of the negligence and/or carelessness of the defendant and/or defendants, Wal-Mart Stores East, LP d/b/a Wal-Mart #5340; John Doe, John Moe, and/or Jane Doe, in creating, allowing and/or permitting to exist said dangerous and hazardous conditions on the aforementioned premises, and failing to warn of same, the plaintiff, Elvin Cintron, was caused to slip and fall and **to sustain certain personal injuries, both internal and external and both temporary and permanent in nature, including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair**; and did suffer, is suffering and may in the future suffer great pain and discomfort; **was compelled, is now being compelled and may in the future be compelled to expend certain sums of money in an attempt to cure and alleviate his injuries**; has been unable, **is now unable and may in the future be unable to pursue his normal activities, resulting in a loss of income**, and the plaintiff has been otherwise damaged.

(See Exhibit "A") (emphasis added).

6. On October 21, 2019, Defendant was served with the Complaint. (See Exhibit "B").

7. On December 16, 2019, fifty-six (56) days after service of the Complaint Defendant filed this untimely Notice of Removal.

8. In its Notice of Removal, Defendant disingenuously represents to this Court that a December 9, 2019 email from the undersigned "specified the injuries at issue and advised, *__for the first time__*, that Mr. Cintron had undergone multiple surgeries." (See Exhibit "C" at Paragraph 12) (emphasis added).

9. However, when comparing the allegations in the Complaint to counsel's 12/9/19 email, one can see they are mirror images of each other. Paragraph 4 of the Complaint states:

> Elvin Cintron, was caused to slip and fall and to sustain certain personal injuries, both internal and external and both temporary and permanent in nature, **including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair**;

(See Exhibit "A") (emphasis added). Counsel's December 9, 2019 email provides:

> Among other damages, the complaint lists the injuries my client sustained in this incident which include but are not limited to, *__a torn right rotator cuff, requiring surgery to repair as well as a torn left meniscus and ACL, which also needed surgery to repair.__*

(See Exhibit "D") (emphasis added).

10. Furthermore, while Defendant initially argues that the December 9, 2019 email is the first time it realized the amount at issue exceeded $75,000.00, it concedes that "**the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332**." (See Exhibit "C" at paragraph 15) (emphasis added).

11. A defendant seeking removal of an action must file a petition for removal with the district court within thirty (30) days of Plaintiff's service of the complaint upon defendant. 28 U.S.C. § 1441. The removing defendant bears the burden of establishing removal and compliance with all pertinent procedure requirements. Dietz v. Avco Corp., 168 F. Supp. 3d 747 (E.D. Pa 2016) (emphasis added).

12. An untimely Notice of Removal is a defect in the removal procedure and is grounds for remand. 28 U.S.C. § 1447(c).

13. Even where the amount in controversy is not specifically enumerated in the Complaint, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum. See Sims v. PerkinElmer Instruments, LLC, No. CIV.A.04-3773, 2005 U.S. Dist. LEXIS 5300, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005).

14. Plaintiff submits (and Defendant agrees) that the compensatory damage award for an incident that caused surgeries to repair a torn right rotator cuff as well as a torn left meniscus and left ACL, when read together with the language in the Complaint all reasonably and intelligently lead to the conclusion that the damages in this matter vastly exceed the $75,000.00 jurisdictional limit.

15.     Accordingly, it is clear the Defendant should have reasonably and intelligently known from the language in the Complaint that Plaintiff had sustained serious and permanent injuries to his right shoulder and left knee requiring surgery to repair, was still participating in ongoing treatment and had lost significant sums of money as a result of his injuries and, therefore, been aware that amount in controversy exceeded the $75,000.00 jurisdictional limit.

16.     Therefore, waiting fifty-six (56) days from the service of the Complaint to file this Notice of Removal is an inexcusable defect in the removal procedure and this case should be remanded back to the Superior Court of New Jersey, Law Division: Camden County.

WHEREFORE, for all the foregoing reasons, Plaintiff, Elvin Cintron, respectfully requests that this Court enter an Order in the form attached hereto and remand this matter to the Superior Court of New Jersey, Law Division: Camden County.

Respectfully submitted,

__s/Andrew J. Van Wagner__

Andrew J. Van Wagner, Esquire
1818 Market Street, Ste. 2400
Philadelphia, PA  19103
215-567-3000
Email: avanwagner@lundylaw.com