UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELVIN CINTRON | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 1:19-cv-21406-JHR-JS |
| v. | : | **OPINION** |
| WAL-MART STORES EAST, LP et al | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion to Remand the matter back to New Jersey Superior Court, Law Division, Camden County pursuant to 28 U.S.C. § 1447(c) [Dkt. No. 6]. For the reasons stated below, the Court will deny Plaintiff's Motion.

I.  Background

On October 2, 2019, Plaintiff, Elvin Cintron ("Plaintiff"), filed a complaint alleging that Defendant, Wal-Mart ("Defendant"), was careless in causing Plaintiff to slip and fall on May 8, 2018, in Wal-Mart Store #5340. [Dkt. No. 1-1]. Plaintiff alleges that the fall caused Plaintiff to suffer "personal injuries, both internal and external and both temporary and permanent in nature, including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair; and did suffer, is suffering and may in the future suffer great pain and discomfort . . . ." (Id. at ¶ 4). The Complaint does not provide a numerical value of the amount in damages sought or that the amount in damages exceeds $75,000. [Dkt. No. 1 p. 4]. On November 25, 2019, defense counsel sought a stipulation regarding the damages from Plaintiff's counsel to

1

determine the amount in controversy.  [Dkt. No. 1-2].  Plaintiff's counsel responded in an email on December 9, 2019, which stated that the amount in damages sought exceeds $75,000 due to the nature of Plaintiff's injuries.  [Dkt. No. 1-3].

One week later, Defendant filed a Notice of Removal on December 16, 2019, based on diversity jurisdiction pursuant to 28 U.S.C. §1332.  [Dkt. No. 1].  Plaintiff argues Defendant's Removal was untimely, as it was filed fifty-six (56) days after the initial complaint was filed. [Dkt. No. 6]. Thus, Plaintiff moves to remand the case back to the New Jersey Superior Court, Law Division, Camden County.  (Id.).  Defendant argues that the amount in controversy was not stated in the initial complaint, and thus, counsel was not made aware of the amount in controversy exceeding $75,000 until Plaintiff's December 9, 2019 email. [Dkt. No.1, p. 4].  Therefore, Defendant argues the removal was timely since the motion was filed less than thirty (30) days after Defendant was put on notice that the amount in controversy exceeds $75,000.  (Id.).

The issue presented is whether Defendant should have known from the language included in the initial complaint that the amount in controversy exceeds $75,000, thus triggering the thirty (30) day time period for Defendant to file a timely notice of removal.

## II.     Standard of Review

A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case.  See 28 U.S.C. § 1447(c). As the party removing the case, the defendant has the burden to prove that federal court jurisdiction is proper at all stages of the litigation.  See Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap–On Tools Corp.,

913 F.2d 108, 111 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  The district court must resolve all contested issues of fact and uncertainties of law in favor of the plaintiff.  See Boyer, 913 F.2d at 111.  Moreover, the court should strictly construe removal statutes and resolve all doubts in favor of remand.  See Abels, 770 F.2d at 29.  The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction.  See Bowles v. Russell, 551 U.S. 205, 212–13, 127 S. Ct. 2360, 168 L.Ed.2d 96 (2007) (internal citation omitted) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

In order for removal to be proper, the federal court must have original jurisdiction to hear the case.  See 28 U.S.C. § 1441(a); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).  Of course, 28 U.S.C. § 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States. . . ."  In addition, an action that has been removed to Federal court may be remanded to state court, pursuant to 28 U.S.C. § 1447(c) because of a defect in the removal procedure, for example, failure to file a notice of removal within the time period provided by the removal statutes.  See Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 50–53 (3d Cir. 1993).

Section 1446(b) of the United States Code sets forth the time in which a removal petition must be filed:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

> otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . .
> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, § 1446 provides a two-step test for determining whether a defendant timely removed a case. The first paragraph applies where the case stated by the initial pleading is removable and requires that notice of removal be filed within thirty days of receipt of the initial pleading by the defendant. The second paragraph applies where the initial pleading is not removable and requires that notice of removal be filed within thirty days from receipt of an amended pleading, motion, order or other paper from which the defendant can first ascertain that the case is removable.

In determining whether the case stated by the initial pleading is removable, the Third Circuit has held that a complaint filed in State court must allege all the elements of federal jurisdiction with a "substantial degree of specificity" in order to trigger the thirty-day removal period. Foster, 986 F.2d at 53 ("The inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader to a substantial degree of specificity, whether all the elements of federal jurisdiction are present.").

In a case involving purely economic loss, this Court has interpreted that "requirement to mean that the thirty-day removal period does not run from the defendant's receipt of the initial pleading unless the plaintiff has specifically alleged in the initial pleading that the damages sought are in excess of the minimum federal jurisdictional amount. In other words, . . . where the plaintiff does not or cannot plead damages in a specific dollar amount but wishes the thirty-day period to run from the

4

defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading a specific allegation that damages exceed the minimum federal jurisdictional amount." Vartanian, 960 F. Supp. at 61 (citing Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)); contra Carroll v. United Air Lines, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (finding that "allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period") (internal quotation omitted). "This rule requiring an affirmative allegation promotes certainty and judicial efficiency, . . . values emphasized by the Third Circuit. . . . The rule additionally discourages a defendant from removing a case to a federal court prematurely so as to avoid any inadvertent waiver of the right to remove because of the possible expiration of the thirty-day time period. . . . On the other hand, it protects a defendant from having to remove the case based on a mere 'educated guess' and then face a remand because of the lack of sufficient grounds to sustain removal jurisdiction." Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 607 (D.N.J. 2001).

In determining when the time for removal begins to run, Defendant's knowledge is irrelevant. See Foster, 986 F.2d at 54 ("[T]he relevant test is not what the defendants purportedly knew, but what [the initial pleadings filed with a court] said. . . . We hold that § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving [these initial pleadings filed with the court] which in themselves provide adequate notice of federal jurisdiction."). Accordingly, communications prior to service of process do not serve to trigger the time for removal. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

5

III.    Analysis

Here, the initial Complaint does not seek any specific amount of damages, however, the December 9, 2019 email in response to the stipulation of damages Defendant sought, constitutes "other paper" that put Defendant on notice that the amount in controversy is met. Vartanian, 960 F. Supp. at 62.  Plaintiff claims Defendant should have known the amount in controversy was met based on the nature of Plaintiff's injuries and treatment. [Dkt. No. 6-3].

There are two approaches this District has taken in regard to assessing when the thirty (30) day removal period commences: the "bright-line" rule approach and the "subjective inquiry" approach.  Riconda, No. CV 19-1111 (KM), 2019 WL 1974831, at *5. Although neither have been expressly embraced by the Third Circuit, the bright-line approach has been favored by a majority of Circuit Courts.  Id. (citing Judon v. Travelers Prop. Cos. Co. of Am., 773 F.3d 495, 509 n.13 (3d Cir. 2014) (quoting Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013) (citing cases from Second, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits). Courts in this district, including this Court, have found that this approach promotes certainty and efficiency.  Vartanian, 960 F. Supp. at 61.; Riconda, No. CV 19-1111 (KM), 2019 WL 1974831, at *7; see also Entrekin v. Fisher Sci. Inc., 146 F. Supp. 2d 594, 607 (D.N.J. 2001).  Furthermore, the bright-line approach is consistent with New Jersey Court Rule 4:5-2.  "Rule 4:5-2 does not prohibit the plaintiff from making a specific allegation that the damages alleged are in excess of the federal jurisdictional amount," rather Rule 4:5-2 provides: "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount."  Vartanian, 960 F. Supp. 58, 61 (D.N.J. 1997).

Plaintiff's Counsel submits that the Court should apply the alternative approach, which does not require Plaintiff to state a specific amount in damages in the complaint. [Dkt. No. 6-2]. This subjective approach turns to whether the Defendant could have reasonably concluded from the facts in the complaint that the amount in controversy has been met. Riconda, 2019 WL 1974831, at *6 (citing Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998). It has been applied in cases where the plaintiff has suffered severe physical injuries and in cases where there was alleged "willful misconduct." Id. at *7; see also Sayani v. Whole Foods Mkt., No. CV 18-17149 (JMV), 2019 WL 4463369, at *4 (D.N.J. Sept. 18, 2019); Buchanan v. Lott, 255 F. Supp. 2d 326, 333 (D.N.J. 2003). Like in Sayani, here Plaintiff does not describe his injuries as "severe". Sayani, 2019 WL 4463369, at *4; [Dkt. No. 1-1 at ¶ 4]. Plaintiff also alleges that Defendant's negligence caused his slip and fall rather than Defendant's "willful misconduct." [Dkt. No. 1-1 at ¶ 4].

Furthermore, over the years, the District of New Jersey has criticized the subjective approach. Id.; see Buchanan v. Lott, 225 F. Supp. 2d 326, 330 (D.N.J. 2003); Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 609 n.16 (D.N.J. 2001). One criticism is that the subjective approach would lead to more confusion between the parties as to when the 30-day period commences, since such a determination depends on what the defendant knows rather than what was expressed in the complaint. Riconda v. US Foods, Inc., No. CV 19-1111 (KM), 2019 WL 1974831, at *6-7 (D.N.J. May 3, 2019); Vartanian, 960 F. Supp. at 61.

Accordingly, the Court finds that the bright-line approach should be applied here, as it is in most Circuits. Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp., No. 17-CV-1907-PGS-LHG, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017); see also

7

Riconda, No. CV 19-1111 (KM), 2019 WL 1974831, at *5.  Importantly, the Third Circuit has held that the "30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." Id. (citing Judson, 773 F.3d 495, 509 n. 13 (3d Cir. 2014) (quoting Walker, 727 F.3d 819, 924 (7th Cir. 2013)). This is consistent with the bright-line approach. Worldwide Exec. Job Search Sols., LLC, No. 17-CV-1907-PGS-LHG, 2017 WL 5762392, at *2.

Therefore, under the bright-line approach, the Defendant was put on notice that the matter was removable only after receiving the email from Plaintiff's counsel on December 9, 2019.  As a result, the removal—filed on December 16, 2019—was timely, and Plaintiff's Motion to Remand will be denied.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand [Dkt. No. 6] will be denied.

An appropriate Order shall issue.

Dated: June 17, 2020

    /s/ Joseph H. Rodriguez

Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE