UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELVIN CINTRON | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 1:19-cv-21406-JHR-JS |
| v. | : | **MEMORANDUM OPINION** |
| WAL-MART STORES EAST, LP et al | : | |
| Defendants. | : | |

    This matter is before the Court on Plaintiff's Motion For Reconsideration of the Court's June 17, 2020 Order denying Plaintiff's Motion to Remand this Matter back to New Jersey Superior Court, Law Division, Camden County [Dkt. No. 13]. For the reasons stated below, the Court will deny Plaintiff's Motion.

    Plaintiff, Elvin Cintron ("Plaintiff"), filed a complaint in the New Jersey Superior Court, Law Division, Camden County, alleging negligence against Defendant, Wal-Mart ("Defendant"). [Dkt. No. 1-1].[1] Plaintiff's Complaint alleges that Defendant's negligence caused Plaintiff to suffer "personal injuries, both internal and external and both temporary and permanent in nature, including tears to the right rotator cuff, left meniscus and left ACL all requiring surgical intervention to repair; and did suffer, is suffering and may in the future suffer great pain and discomfort . . . ." (Id. at ¶ 4).

    Defendant received a copy of the Summons and Complaint on October 21, 2019. [Dkt. No. 1, at ¶¶ 2-3]. On November 25, 2019, defense counsel requested a stipulation

---

[1] The Court reincorporates the relevant factual background set forth in Cintron v. Wal-Mart Stores E., LP, No. 1:19-CV-21406-JHR-JS, 2020 WL 3264052, at *1 (D.N.J. June 17, 2020).

1

Case 1:19-cv-21406-JHR-JS   Document 16   Filed 09/28/20   Page 2 of 6 PageID: 244

from Plaintiff's counsel—that Plaintiff's "damages are less than $75,o00, exclusive of interest and costs." [Dkt. No. 1-2]. Plaintiff's counsel responded by email on December 9, 2019, which stated that "the amount in controversy clearly exceeds [$75,000]" given the nature of Plaintiff's injuries. [Dkt. No. 1-3].

On December 16, 2019, Defendant filed a Notice of Removal with this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. [Dkt. No. 1]. Shortly thereafter, Plaintiff filed a Motion to Remand the case back to the New Jersey Superior Court, Law Division, Camden County, arguing that Defendant's removal was untimely. [Dkt. No. 6]. The issue before the Court was whether Defendant should have known from the language included in the initial complaint that the amount in controversy exceeds $75,000, thus triggering the thirty (30) day time period for Defendant to file a timely notice of removal. Cintron, 2020 WL 3264052, at *1.

Relevant to the pending motion, there are currently two approaches this District has taken in regard to assessing when the thirty (30) day removal period commences: the "bright-line" rule approach and the "subjective inquiry" approach.  Riconda, No. CV 19-1111 (KM), 2019 WL 1974831, at *5. In support of its motion to remand, Plaintiff argued that the Court should apply the latter approach, and determine Defendant should have known at the time it received the Complaint that damages exceed $75,000, and therefore, were required to remove the case by November 21, 2019. Ultimately, the Court found the bright-line approach was the appropriate test, and under that approach, held that Defendant's removal was timely. Plaintiff now moves for the Court to reconsider its denial of Plaintiff's Motion to Remand on two grounds, because: (1) "the Court erred in applying the bright-line rule in determining when the thirty (30) day

removal period commenced;" and (2) the "Court erred in determining that the December 9, 2019 email exchange constituted 'other paper.'" [Dkt. No. 13].

Motions for reconsideration in the District of New Jersey are governed by Local Civil Rule 7.1(i), which provides:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Reconsideration is "an extraordinary remedy" and as such, motions are granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration may succeed based upon on (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." Leja v. Schmidt Mfg., Inc., 743 F. Supp. 2d 444, 456 (D.N.J. 2010). In general, reconsideration is permitted only when " 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). A party seeking reconsideration "must come forward with something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995). As such, "a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling." Leja, 743 F.Supp.2d at 456.

Here, Plaintiff's first basis for reconsideration simply re-asserts his position on the motion to remand—that the Court should have applied the subjective inquiry approach. The Court finds that reconsideration on this basis is inappropriate. The Court

3

considered and rejected the subjective inquiry approach in its initial decision. In fact, Plaintiff acknowledges that the Court did not simply overlook the subjective inquiry approach in determining when the thirty-day (30) removal period commenced. To be sure, this Court noted:

> [The] subjective approach turns to whether the Defendant could have reasonably concluded from the facts in the complaint that the amount in controversy has been met. Riconda, 2019 WL 1974831, at *6 (citing Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998). It has been applied in cases where the plaintiff has suffered severe physical injuries and in cases where there was alleged "willful misconduct." Id. at *7; see also Sayani v. Whole Foods Mkt., No. CV 18-17149 (JMV), 2019 WL 4463369, at *4 (D.N.J. Sept. 18, 2019); Buchanan v. Lott, 255 F. Supp. 2d 326, 333 (D.N.J. 2003).

Plaintiff stresses that this is the proper approach in personal injury matters. [Dkt. No. 13-2, at p. 3-5]. In support, Plaintiff cites to a number of cases the Court considered in the first instance; the overwhelming majority of which, have found that specific adjectives used in describing the plaintiff's injury trigger the 30 day removal period— including "serious," "severe," "catastrophic," "disabling," and/ or "significant." See, e.g., Sayani v. Whole Foods Mkt., No. CV 18-17149 (JMV), 2019 WL 4463369, at *4 (D.N.J. Sept. 18, 2019); Russo v. Wal-Mart Stores E., L.P., No. 3:17CV454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) (collecting cases); Peters v. Stop & Shop, No. 13–6085, 2013 U.S. Dist. LEXIS 153823, at *10, 2013 WL 5781199 (D.N.J. Oct. 26, 2013); Sims v. PerkinElmer Instruments, LLC, No. CIV.A. 04CV3773, 2005 WL 746884, at *3 (E.D. Pa. Mar. 31, 2005). The Court found such cases distinguishable.

In an effort to separate these cases, Plaintiff relies on two District Court of New Jersey cases where such adjectives were not present in the complaint at issue. Romano v. Wal-Mart Stores E., LP, No. CV 16-7420, 2017 WL 119471 (D.N.J. Jan. 11, 2017); Durate v. Home Depot U.S.A., Inc., No. CV 19-11429 (CCC), 2019 WL 5654051 (D.N.J.

Aug. 2, 2019), report and recommendation adopted sub nom., 2019 WL 5622535 (D.N.J. Oct. 31, 2019). Romano and Durate remain inapposite. Specifically, the Durante court found the complaint before it "unusually detailed," even attaching a medical bill thereto; and the Romano Court found that the particular surgery plaintiff pled exceeded the jurisdictional threshold alone, as held by "other courts." See Durate, 2019 WL 5654051, at *3; Romano, 2017 WL 119471, at *2.[2] Furthermore, the Court is not bound by the decisions of other district courts, including those within this circuit. Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011).

Plaintiff acknowledges that the Third Circuit has not adopted either approach. It has, however, recognized

> Every circuit that has addressed the question of removal timing has applied § 1446(b) literally and adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper and, with respect to the jurisdictional amount in particular, requires a specific, unequivocal statement from the plaintiff regarding the damages sought.

Judon v. Travelers Prop. Cos. Co. of Am., 773 F.3d 495, 509 n.13 (3d Cir. 2014) (quoting Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013). Having considered this, as well as the arguments in favor and against both approaches, this Court found that the bright-line approach is more appropriate and promotes certainty

---

[2] The Complaint in Durate stated: "[A] left ankle bimalleolar fracture, traumatic injury to the anterior talofibular ligament, sural nerve injury, the gastric equinus requiring open reduction and internal fixation of the bimalleolar fracture, repair of the anterior talofibular ligament, suture repair of the sural nerve with Amniotic allograft, and gastroc recession of the left leg and ankle (*see* Operative Report attached hereto as EXHIBIT A); has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending to his usual activities and other great damages." 2019 WL 5654051, at *3. The Complaint in Romano alleged that "Plaintiff's 'injuries include but are not limited to a cervical spine herniated disc necessitating fusion surgery;'" the court explained, the treatment for herniated discs begin at $250,000. 2017 WL 119471, at *2.

5

and efficiency. See Cintron, 2020 WL 3264052; Vartanian v. Terzian, 960 F. Supp. 58, 61 (D.N.J.1997). Plaintiff fails to show this was manifest legal or factual error, and does not identify any newly discovered evidence that warrants a grant of reconsideration.

Plaintiff's second argument—that the Court erred in determining that the December 9, 2019 email exchange between the parties constituted "other paper"—is also unpersuasive. [Dkt. No. 13-2, at pp. 8-10]. "Several courts have found that written correspondence between parties can be considered 'other paper' within the meaning of the second paragraph of § 1446(b)." Rose v. USAA Cas. Ins. Co., No. CIV.09-6005 (RBK/JS), 2010 WL 2557484, at *3 (D.N.J. June 23, 2010). Moreover, this Court has previously found that a statement of damages may constitute "other paper." Vartanian, 960 F. Supp. at 62. Contrary to Plaintiff's argument, this paper effected a sufficient change, in that it notified Defendant that Plaintiff would not stipulate to damages, that "the amount in controversy clearly exceeds [$75,000]." [Dkt. No. 1-3]. The Court finds that Plaintiff fails to provide evidence to support the extraordinary remedy sought. Therefore, for the foregoing reasons, Plaintiff's Motion For Reconsideration of the Court's June 17, 2020 Order denying Plaintiff's Motion to Remand this Matter back to New Jersey Superior Court, Law Division, Camden County, will be denied. [Dkt. No. 13].

An appropriate Order shall issue.

Dated: September 25, 202o

      /s/ Joseph H. Rodriguez

Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE